## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JOEY L. JONES, | : | HABEAS CORPUS |
| GDC ID 401066, | : | 28 U.S.C. § 2254 |
| Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:15-CV-341-TWT-ECS |
| T. JACKSON BEDFORD, | : | |
| Respondent. | : | |

### FINAL REPORT AND RECOMMENDATION AND ORDER

This matter is before the Court on Joey L. Jones's "Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254." See [Doc. No. 1]. Because it is apparent from the record of prior proceedings that Mr. Jones's federal habeas corpus petition is untimely, the undersigned will recommend that this case be dismissed and that no certificate of appealability be issued.

Federal law provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court." 28 U.S.C. § 2244(d)(1). That limitation period runs from the latest of four specified events. Id. In this case, as in most, the limitation period began running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see also Clay v. United States, 537 U.S. 522, 527 (2003).

Although statutory tolling applies while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), such tolling *must* commence before the one-year federal limitations period expires.  "A state court filing after the federal habeas filing deadline does not revive it." <u>Sibley v. Culliver</u>, 377 F.3d 1196, 1204 (11th Cir. 2004).  "[O]nce a deadline has expired, there is nothing left to toll." <u>Id.</u>

The Georgia Court of Appeals affirmed the judgment against Mr. Jones on March 29, 2005. <u>See</u> <u>Jones v. State</u>, 612 S.E.2d 852 (Ga. Ct. App. 2005).  Mr. Jones then had ten days to file in the Georgia Court of Appeals a "notice of intention to apply for certiorari" to the Georgia Supreme Court. Ga. S. Ct. R. 38. When he failed to do so, the judgment against him became "final" on April 8, 2005.  That fact is not altered by Mr. Jones's untimely - and improper - filing of a petition for a writ of certiorari on December 9, 2013. <u>See</u> <u>Jones v. State</u>, No. S14C0531, 2014 Ga. LEXIS 281 (Ga. Mar. 28, 2014) (dismissing Mr. Jones's petition as "untimely" in a one-sentence order).

Mr. Jones states that he also filed collateral attacks on his convictions and sentence in August 2008, and November 2013. <u>See</u> [Doc. No. 1 at 2-3].  But neither of these proceedings was initiated within one year of April 8, 2005.  Therefore, neither

could statutorily toll the one-year federal limitations period for filing a habeas petition, which had already expired.  Thus, it is clear that Mr. Jones's federal habeas petition is untimely.

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED**.  <u>See</u> 28 U.S.C. foll. § 2254, Rule 4.

The Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  28 U.S.C. foll. § 2254, Rule 11(a).  A § 2254 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Fed. R. App. P. 22(b)(1).  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make a substantial showing of the denial of a constitutional right, a § 2254 applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted); <u>see also</u> <u>Jimenez v. Quarterman</u>, 555 U.S. 113, 118 n.3 (2009) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of

3

appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." (internal quotation marks omitted)).  Mr. Jones has not demonstrated that he is entitled to federal habeas relief, that his petition is timely, or that both issues are reasonably debatable.  Thus, he is not entitled to a certificate of appealability.

Therefore, the undersigned further **RECOMMENDS** that a certificate of appealability be **DENIED.**

Mr. Jones's request for permission to proceed <u>in forma pauperis</u> [Doc. No. 2] is **GRANTED.**

Mr. Jones's "Motion for Appointment of Counsel" [Doc. No. 3] is **DENIED AS MOOT.**

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED, ORDERED, AND DIRECTED,** this 4th day of February, 2015

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

4